Rapallo, J.
It being established by the findings of the court at Special Term that it was not necessary for the purpose of abating the alleged nuisance, to fill up the portion of the canal north of Canal street bridge; that such filling up was a serious and unnecessary injury to the plaintiff’s property; that the nuisance liad been caused by the failure of the corporation defendant to exercise the powers conferred upon it by its charter, to preserve the canals and slips in the city by preventing the casting into them of obstructions or filth, and to remove obstructions therefrom, and keep them in navigable condition; and that the obstructions in the canal, north of Canal street, could have been removed at a small *273 expense; we think that the filling up of the canal was not a proper exercise of the power to abate nuisances; and that the conclusions that the defendants had the right to fill up that portion of the canal, and that the plaintiff was not entitled to enjoin them for doing so, and that his complaint should be dismissed, were erroneous, and that the judgment thereon was properly reversed by the court at General Term.
The reasons for this reversal, and the law of the case, are so fully set forth and discussed in the opinion of Sheldon, J., at General Term, that we deem it superfluous to say more than that, after a careful examination, we concur in his conclusions upon the branch of the case to which we have referred.
As no point is made on the part of the appellants with respect to the form of the judgment being an absolute reversal instead of ordering a new trial, the judgment of the General Term should be affirmed, with costs.
All concur.
Judgment affirmed.